**GARY COMMUNITY MENTAL HEALTH CENTER, INC. and 9 Cases, Appellants (Petitioners Below),**

v.

**INDIANA DEPARTMENT OF PUBLIC WELFARE and Lake County Department of Public Welfare, Appellees (Respondents Below).**

No. 45A03–8602–CV–47.

Court of Appeals of Indiana,
Third District.

Sept. 4, 1986.

Rehearing Denied Oct. 9, 1986.

Douglas M. Grimes, Gary, for appellants.

Linley E. Pearson, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Indianapolis, for State Appellees.

Maria Luz Corona, Gary, for County Appellee.

STATON, Presiding Judge.

Gary Community Mental Health Center (Health Center) is appealing a dismissal of its claim against both the State of Indiana (State) and the Lake County Department of Public Welfare (Lake County). The cause of action was dismissed by the trial court because the Health Center's Petition for Review was not properly verified.

The issues we must address are as follows:

(1) Whether a notarized petition for review which contains statements that are not sworn to be true is sufficient to invoke the subject matter jurisdiction of a trial court pursuant to the Administrative Adjudication Act (Act), West's AIC 4–22–1–14, (Supp. 1986); and

(2) Whether the trial court abused its discretion by denying the Health Center's petition to file an amended pleading.

I.

*Jurisdiction*

The Health Center sought to obtain payment for treatment it rendered under the Hospital Care for the Indigent Program. West's AIC 12–5–6–4 (Supp.1986). Lake County denied payment, and the Health Center undertook an administrative review. On July 23, 1985, the State sustained Lake County's decision, and on August 6, 1985, the Health Center filed what it entitled its "Verified Petition for Review" with the trial court. Although the petitioner swore that she made the statements contained in the petition and it was duly notarized, the person signing the statements did not allege that the statements were true. For that reason, the trial court found that the petition was not properly verified, and dismissed the cause of action. The trial court relied on *Indiana Civil Rights Commission v. City of Muncie* (1984), Ind.App., 459 N.E.2d 411, *trans. den.*, for the proposition that a petition must be verified in order for it to have subject matter jurisdiction under the Act.

In *City of Muncie*, this court wrote that compliance with the Act is a condition precedent for a trial court's jurisdiction to review an administrative determination. *Id.* at 414. The Act mandates that a party seeking review must file a verified petition. IC 4–22–1–14(a) (Supp.1986). Thus, if we sustain the trial court's finding that the Health Center's petition was not properly verified, we must also affirm the dismissal of the instant case for lack of subject matter jurisdiction.

At issue in *City of Muncie* were two petitions. In the first, the petitioner "swears as he is informed and verily believes," whereas in the second, the petitioner merely swore that certain statements were made without swearing that the statements were true. We determined that the first petition was sufficient to vest the trial court with subject matter jurisdiction under the Act because it substantially complied with Indiana Rules of Procedure, Trial Rule 11(B), the rule which describes how pleadings can be verified.[1] T.R. 11(B) was

---

1. Indiana Rules of Procedure, Trial Rule 11(B) provides:

When in connection with any civil or special statutory proceeding it is required that any pleading, motion, petition, supporting affidavit, or other document of any kind, be verified, or that an oath be taken it shall be sufficient if the subscriber simply affirms the truth of the matter to be verified by an affirmation or representation in substantially the following language:

"I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true.
(Signed)_____"

Any person who falsifies an affirmation or representation of fact shall be subject to the same

satisfied because its two requirements were present, i.e., the affiant affirmed (swore) under oath, and it was based on information believed to be true (verily believes). *City of Muncie, supra,* 459 N.E.2d at 414.

The second petition in *City of Muncie* was determined not to be sufficient because the petitioner failed to attest to the veracity of the statements made. Even though the second petition was executed before a notary, it was fatally flawed because it did not implicitly subject the petitioner to penalties for perjury. This point of law was addressed by the Supreme Court of Indiana in *Austin v. Sanders* (1986), Ind., 492 N.E.2d 8.

In *Austin,* the petitioner swore under penalty of perjury that her statements were true, but did not have this verification sworn before an officer authorized to administer oaths. In reaching their conclusion that alleging specific facts under penalty of perjury is sufficient to substantially comply with T.R. 11(B), the *Austin* court wrote that the essential purpose of a verification is that the statements be made under penalty of perjury. *Id.,* at 9. In other words, a petitioner must use some language to indicate that the statements contained in a petition are true in order for that petition to be adequately verified.

In the instant case, the petition at issue is like the second petition in *City of Muncie.* Reading that case together with *Austin,* we conclude that a petitioner who verifies the truth of statements made in the petition, but fails to have the petition notarized may be able to invoke the jurisdiction of a trial court. However, a notarized petition without any indication that the statements contained therein are true will not suffice. Consequently, the notarized petition filed by the Health Center does not pass muster—its statements were never verified. The instant case was properly dismissed for lack of subject matter jurisdiction.

## II.

### Amended Pleading

█ Following the dismissal of its cause of action, on December 6, 1985, the Health Center moved to file an amended pleading, which the trial court denied. The Health Center contends that it was an abuse of discretion for the trial court to deny its motion.

The decision of whether or not to allow amendments to pleadings is a matter addressed to the sound discretion of the trial court. *THQ Venture v. SW, Inc.* (1983), Ind.App., 444 N.E.2d 335, 340. In order to reverse such a decision an abuse of that discretion must be shown. *Id.*

The Health Center's contention must fail because, once again, the jurisdictional prerequisites of the Act were not satisfied. The Act mandates that a petition for review must be filed within fifteen (15) days after receipt of notice by the administrative agency. IC 4-22-1-14(b). Although the Health Center's initial filing on August 6, 1985 would have been within the fifteen day limit imposed by the Act, because it was not properly verified, that filing did not vest the trial court with any jurisdiction in this matter. Since the trial court never acquired jurisdiction, the time limit imposed by the Act was not tolled. Thus, by December 6, 1985, when the Health Center moved to amend, the fifteen day filing period had long ago expired.

It cannot be said that in this case an amended pleading would relate back to the original filing, because a pleading submitted after a statute of limitations has run will only be considered timely if the original pleading was timely. *Allied Mills, Inc., v. P.I.G., Inc.* (1983), Ind.App., 454 N.E.2d 1240, 1242. Since, in effect, there was no timely filing, there is nothing which an amended pleading could relate back to. Consequently, the trial court did not abuse its discretion by denying the Health Center's motion.

---

penalties as are prescribed by law for the making of a false affidavit.

The trial court is affirmed.[2]

HOFFMAN, J., concurs.

GARRARD, J., concurs, with opinion.

GARRARD, Judge, concurring.

I concur with the observation that here the petition recited that it was being filed by the corporation and nine claimants. It purportedly was executed for the corporation by an individual. There was no representation by that individual under oath of either her capacity with the corporation of her knowledge of the truthfulness of the matters set forth. Corporations, of course, can neither speak nor verify pleadings.

2. The Health Center was remiss for not including a verbatim statement of the trial court's judgment in its brief as required by Indiana Rules of Procedure, A.P. 8.3(A)(4).