**Robert and Wanda PROHOSKY,**
**Appellants–Plaintiffs,**

v.

**DEPARTMENT OF NATURAL RE-**
**SOURCES and the Prudential Insur-**
**ance Company, Appellees–Defendants.**

**No. 56A03–9203–CV–83.**

Court of Appeals of Indiana,
Third District.

Sept. 21, 1992.

Michael L. Muenich, Hand, Muenich, Wilk & Reid, Highland, for appellants-plaintiffs.

Linley E. Pearson, Atty. Gen., Lisa A. McCoy, Deputy Atty. Gen., Indianapolis, for appellee-defendant Dept. of Natural Resources.

Wayne C. Ponader, George T. Patton, Jr., Bose, McKinney & Evans, Indianapolis, for appellee-defendant The Prudential Ins. Co.

HOFFMAN, Judge.

Appellants-plaintiffs Robert and Wanda Prohosky appeal the dismissal of their petition for judicial review.

The Prohoskys' issues can be summarized in one issue: whether the trial court erred in dismissing the petition for failure to name and serve the Natural Resources Commission.

The facts relevant to this appeal disclose that on August 17, 1988, the Prohoskys filed a complaint with the Department of Natural Resources (Department) under the Indiana Ground Water Emergency Act. IND.CODE § 13–2–2.5 (1988 Ed.) This complaint alleged a failure of a well on the Prohoskys' property. The Department, as the agency responsible for administering the act, conducted an on-site investigation. The director of the Department declared that a ground water emergency existed in portions of Jasper and Newton Counties pursuant to the act on August 18, 1988.

Prudential Insurance Company operates Fair Oaks Farms in Newton County and has a registered significant ground water withdrawal pumping system for irrigation. This was not the first dispute between the Prohoskys and Prudential. *See Prohosky v. Prudential Insurance Co. of America* (N.D.Ind.1984), 584 F.Supp. 1337 *rev'd,* 767 F.2d 387 (7th Cir.1985). As a result of the dispute, the Prohoskys and Prudential executed a nine-page settlement agreement in February 1985. Pursuant to the agreement, the Prohoskys released Prudential from all liabilities, claims, and causes of action to date and "all damages which may be hereinafter incurred...." Damages from future water pumping were also released. In exchange, the Prohoskys received $90,000.00 from Prudential.

The Department, upon subsequent investigation in August 1988, concluded that Prudential should bear 93.5% of the total cost of providing temporary water and a new well to the Prohoskys under the act. However, on March 1, 1989, the Department decided that because of the settlement agreement between the Prohoskys and Prudential there should be no compensation to the Prohoskys.

On March 28, 1989, the Natural Resources Commission adopted the Department's recommendation. The Prohoskys filed an administrative appeal of the decision. On February 1, 1991, the administrative law judge for the Natural Resources Commission agreed with the order.

On February 13, 1991, the Prohoskys filed their objections to the findings of fact and order of the administrative law judge. The Natural Resources Commission, as the ultimate authority of the Department of Natural Resources, affirmed the decision of the administrative law judge on May 22, 1991.

The Prohoskys filed their petition for judicial review on June 20, 1991, naming the Department of Natural Resources and

Prudential as defendants. Prudential and the Department filed motions to dismiss based on the Prohoskys' failure to name the Natural Resources Commission as a defendant and to serve the Commission. The Prohoskys filed their response to motion to dismiss and motion for leave to file a first amended complaint and add or substitute the real party in interest pursuant to Ind.Trial Rules 15, 19, and 21. The Prohoskys attempted to amend their complaint identifying the Natural Resources Commission as the defendant.

The trial court granted the motions to dismiss based on failure to name and serve the Natural Resources Commission. The court found that the failure to name and serve the Commission prohibited the court from obtaining jurisdiction over the case. Without invoking the jurisdiction of the court, the Prohoskys could not benefit from the Ind.Trial Rules, namely T.R. 15, 19, and 21. The trial court cited *Clary; Reinhold v. Nat'l. Friction Products* (1972), 259 Ind. 581, 584–85, 290 N.E.2d 53, 55 ("The rules of trial procedure ... are not applicable to proceedings before the administrative agencies [nor] to the proceedings requisite to invoking the jurisdiction of the reviewing judicial authority.").

■ The Prohoskys argue that the jurisdiction of the trial court was invoked when they timely filed a petition for review. However, their argument is erroneous. Before the jurisdiction of the trial court may be invoked for review of an administrative action, the plaintiffs must have complied with the statutorily provided procedures. *See Teepe v. Review Board etc.* (1964), 136 Ind.App. 331, 200 N.E.2d 538 (where a statute provides the remedy for review of a decision of an administrative board and a proceeding to be followed, the procedure must be followed as a condition precedent to the acquiring of jurisdiction). In this case, IND.CODE § 4–21.5–5, *et al.*, provides the exclusive means for judicial review of an agency action. Therefore, it was necessary for the Prohoskys to not only comply with the statute governing timely filing the petition, IND.CODE § 4–

21.5–5–5, but to comply with the other procedures mandated in this chapter as well.

■ For instance, IND.CODE § 4–21.5–5–7 (1988 Ed.) requires that a verified petition set forth the following:

"(1) The name and mailing address of the petitioner.

(2) The name and mailing address of the *agency* whose action is at issue.

(3) Identification of the agency action at issue, together with a copy, summary, or brief description of the agency action.

(4) Identification of persons who were parties in any proceedings that led to the agency action.

(5) Specific facts to demonstrate that the petitioner is entitled to obtain judicial review under section 2 of this chapter.

(6) Specific facts to demonstrate that the petitioner has been prejudiced by one (1) or more of the grounds described in section 14 of this chapter.

(7) A request for relief, specifying the type and extent of relief requested." (Emphasis added.)

The Prohoskys met the above requirements. This particular statute mandates that the petition disclose information regarding the agency, not the "ultimate authority" of the agency. The Department of Natural Resources is the agency. IND. CODE § 14–3–3–2 (1988 Ed.). The Natural Resources Commission is within this agency and is the ultimate authority of the agency. *Id.*; IND.CODE § 14–3–3–21 (1992 Supp.).

Therefore, for subsection (2) of the above-quoted statute, the Prohoskys correctly named the Department of Natural Resources and gave its mailing address. The Prohoskys also correctly complied with the other provisions of the statute.

For service, the Prohoskys were required to serve a copy of the petition upon the "ultimate authority issuing the order." IND.CODE § 4–21.5–5–8 (1988 Ed.). "If the ultimate authority consists of more than one (1) individual, service on the ultimate authority must be made to the *secretary* or chairperson of the ultimate authority." *Id.* (Emphasis added.)

The Prohoskys served "Patrick Ralston, Division of Water, 2475 Directors Row, Indianapolis, Indiana, 46241." Patrick Ralston was the secretary of the Natural Resources Commission. Appellees do not allege that Patrick Ralston did not receive service, only that service should have been addressed to the Natural Resources Commission. However, service upon the secretary of the Natural Resources Commission, without specifically including the words "Natural Resources Commission," was sufficient compliance with the notice provisions of IND.CODE § 4–21.5–5–8.

Appellees do not allege any other defects in invoking the trial court's jurisdiction. Therefore, since this Court finds sufficient compliance with the statutory procedure, the trial court did have jurisdiction over this case.

The trial court's order dismissing the Prohoskys' petition is reversed. Since the trial court's jurisdiction has been invoked, the Ind.Trial Rules are applicable and available to the Prohoskys.

Reversed.

RATLIFF, C.J., and STATON, J., concur.