**HOOSIER ENVIRONMENTAL COUNCIL, Appellant–Petitioner,**

v.

**DEPARTMENT OF NATURAL RESOURCES and Solar Sources, Inc., Appellees–Respondents.**

No. 49A05–9512–CV–507.

Court of Appeals of Indiana.

Dec. 5, 1996.

Rehearing Denied Feb. 14, 1997.

Max E. Goodwin, Terre Haute, for appellant.

Mary M. Runnells, Bloomington, for appellee Solar Sources, Inc.

Pamela Carter, Attorney General of Indiana, Myra P. Spicker, Rafal Ofierski, Deputy Attorney Generals, Indianapolis, for appellee Department of Natural Resources.

## OPINION

SHARPNACK, Chief Judge.

Hoosier Environmental Council ("HEC") appeals from the dismissal of its petition for judicial review, which challenges the order of the Natural Resources Commission ("commission").[1] The sole issue for our review is whether the trial court properly denied HEC's motion to file an amended petition for judicial review after the time within which to file the petition had passed. We affirm.

The facts most favorable to the judgment follow. On March 30, 1994, the Department of Natural Resources ("DNR") approved an amendment to an existing surface mining permit in favor of Solar Sources. The amended permit allowed Solar Sources to dispose of coal combustion waste in pits at its Prides Creek Mine in Pike County. After the DNR approved the amended permit, HEC, a statewide coalition interested in the protection of the environment, filed a petition for administrative review of the DNR's decision. In June and July of 1994, a hearing was held before an administrative law judge ("ALJ"). On March 23, 1995, the ALJ affirmed the DNR's approval of the amended permit.

HEC filed several objections to the ALJ's order with the commission. After a hearing, the commission affirmed the ALJ's order on April 27, 1995.

On May 30, 1995, HEC filed a petition for judicial review of the commission's decision in the Marion Superior Court. In its petition, HEC alleged that coal combustion wastes have characteristics which make them harmful to the environment if disposed of improperly. HEC also indicated that the disposal of coal combustion wastes is controversial because of the potential harm to surface and ground water.

Solar Sources filed a motion to dismiss HEC's petition for lack of jurisdiction because HEC had not verified it. The DNR also filed a motion to dismiss the petition for

---

1. We held oral argument on November 6, 1996.

lack of jurisdiction because HEC failed to serve the commission, the DNR, and the Attorney General, and because HEC had not verified the petition. On July 31, 1995, HEC filed a motion to amend its petition for judicial review. In the motion, HEC argued that its failure to verify the petition could be corrected by filing an amended petition. After a hearing on September 7, 1995, the trial court granted both motions to dismiss and denied the motion to amend the petition, stating that:

"The original Petition was not verified as required by Indiana law; inasmuch as it was not verified, this Court did not obtain jurisdiction of said Petition, and since the deadline for filing the Petition passed before the Motion to Amend was filed, the Court has no jurisdiction to allow such an amendment relating back to the original date of filing. Inasmuch as jurisdiction was never properly invoked, the rules of Civil Procedure are not applicable and the questions regarding service of Summonses raised by the Respondents are moot."

Record, p. 118. HEC now appeals the trial court's order.

At the heart of this case is whether Ind. Code § 4–21.5–5 precludes a party from filing an amended petition, which complied with the statutory requirements, after the thirty day period has elapsed. In other words, we must determine whether a party is allowed to file an amended petition after the time has elapsed to "relate back" to a petition which did not fully satisfy the statutory requirements but which was timely filed.

### Discussion

A party may file a petition for judicial review after exhausting all of the administrative remedies available. I.C. § 4–21.5–5–4(a). A party who fails to timely petition for review waives the right to judicial review. I.C. § 4–21.5–5–4(b). A petition for judicial review is timely only if it is filed within thirty days after the date that notice of the agency action is served. I.C. § 4–21.5–5–5. The petition must comply with the following requirements:

"(b) A petition for review *must be verified* and set forth the following:

(1) The name and mailing address of the petitioner.

(2) The name and mailing address of the agency whose action is at issue.

(3) Identification of the agency action at issue, together with a copy, summary, or brief description of the agency action.

(4) Identification of persons who were parties in any proceedings that led to the agency action.

(5) Specific facts to demonstrate that the petitioner is entitled to obtain judicial review under section 2 [IC 4–21.5–5–2] of this chapter.

(6) Specific facts to demonstrate that the petitioner has been prejudiced by one (1) or more of the grounds described in section 14 [IC 4–21.5–5–14] of this chapter.

(7) A request for relief, specifying the type and extent of relief requested."

I.C. § 4–21.5–5–7 (emphasis added).

■■■ HEC argues that the statutory requirements of I.C. § 4–21.5–5–7 are not "jurisdictional" to the extent that an omission of one of them requires the trial court to dismiss the petition rather than grant the petitioner an opportunity to amend the petition. HEC relies on the fact that I.C. § 4–21.5–5 *et seq.* do not address the possibility of amending a petition. However, we have previously determined that the statutory requirements are jurisdictional:

"This proceeding is governed by the Administrative Adjudication Act (AAA), IND. CODE 4–21.5–5 et. seq, and, as the Board correctly states, a failure to comply with the terms of the AAA is a jurisdictional defect, which presents the trial court with no issues for review. A person entitled to judicial review of an agency's action must, among other requirements, file a verified petition to receive judicial review. IND. CODE 4–21.5–5–7. If a petition is not properly verified, the trial court has no jurisdiction to entertain the petition."

*Indiana State Bd. of Dental Examiners v. Judd,* 554 N.E.2d 829, 831 (Ind.Ct.App.1990) (citations omitted); *see Shipshewana Corp. v.*

*LaGrange County,* 656 N.E.2d 812, 813 (Ind. 1995) (holding that where there is a failure to strictly comply with the jurisdictional requirements in the statute providing for judicial review of decisions of the board of zoning appeals, the trial court does not acquire jurisdiction over the parties or the case); *Prohosky v. Dept. of Nat'l Resources,* 599 N.E.2d 611, 613 (Ind.Ct.App.1992) (holding that "before the jurisdiction of the trial court may be invoked ..., the plaintiffs must have complied with the statutorily provided procedures.... Therefore, it was necessary ... to not only comply with the statute governing timely filing the petition ..., but to comply with the other procedures mandated in this chapter as well.") Based on these cases, the failure to satisfy the statutory requirements is a jurisdictional defect. Accordingly, we must turn to whether HEC can satisfy the statutory requirements, and thereby enable the trial court to acquire jurisdiction, by filing an amended petition.[2]

In deciding this question, the case of *Gary Community Mental Health Center, Inc. v. Indiana Dep't of Pub. Welfare,* 496 N.E.2d 1345 (Ind.Ct.App.1986), *reh'g denied,* is instructive. In *Gary,* the health center tried to obtain payment from the DPW for services rendered pursuant to the Hospital Care for the Indigent Program. The DPW denied payment and the State later sustained the denial. As a result, the health center filed a petition for judicial review. In the petition, the petitioner included a statement acknowledging that she made the allegations listed in the petition, but she failed to allege that the statements were true. *Id.* Ultimately, the trial court found that the petition was not properly verified and dismissed the case. *Id.* Thereafter, the health center moved to file an amended pleading, which the trial court denied. *Id.* at 1347. In upholding the denial, we stated that:

"The Act mandates that a petition for review must be filed within fifteen (15) days after receipt of notice by the administrative agency. IC 4–22–1–14(b). Although the Health Center's initial filing on August 6, 1985 would have been within the fifteen day limit imposed by the Act, because it was not properly verified, that filing did not vest the trial court with any jurisdiction in this matter. Since the trial court never acquired jurisdiction, the time limit imposed by the Act was not tolled. Thus, by December 6, 1985, when the Health Center moved to amend, the fifteen day filing period had long ago expired.

It cannot be said that in this case an amended pleading would relate back to the original filing, because a pleading submitted after a statute of limitations has run will only be considered timely if the original pleading was timely. Since, in effect, there was no timely filing, there is nothing which an amended pleading could relate back to."

*Id.* (citation omitted).

HEC claims *Gary* is distinguishable because it was decided under I.C. § 4–22–1, the predecessor statute to I.C. § 4–21.5–5. Before being repealed, I.C. § 4–22–1–14 provided:

"(a) Any party or person aggrieved by an order or determination made by any such agency shall be entitled to judicial review.... Such review may be had by filing with the [court] ... a verified petition setting out such order, decision, or determination so made by said agency....

(b) Said petition for review shall be filed within fifteen (15) days after receipt of notice that such order, decision, or de-

2. During oral argument, counsel for HEC argued that HEC has a constitutional right to open access to the courts. *See* IND. CONST. art. 1, § 12 ("[a]ll courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law.") Counsel acknowledged that he had not raised the constitutional claim at trial. We need not determine whether HEC waived the constitutional challenge. Our supreme court has previously held that the inherent right to review an administrative order is not a statutory, but a constitutional right. *Ballman v. Duffecy,* 230 Ind. 220, 102 N.E.2d 646, 650 (1952). The court also noted that "where the statute provides the remedy of a review, and the procedure to be followed, the procedure must be complied with." *Id.* Accordingly, we limit our discussion to whether HEC complied with the statutory procedures such that it vested the trial court with jurisdiction.

termination is made by any such agency."

I.C. § 4–22–1–14 (Supp.1986) (repealed 1986). In contrast, the more recent statute, I.C. § 4–21.5–5, addresses the right to file a petition for judicial review in a separate section from the one dealing with verification. *See* I.C. §§ 4–21.5–5–5 (timeliness of a petition), 4–21.5–5–7 (filing and verification of a petition). Therefore, HEC argues as follows:

"The repealed statute states, in the same section, that the petition must be verified and filed within 15 days. The newer statute being construed here states only that a petition for review must be filed within 30 days. Verification is dealt with in a separate section detailing the contents of a petition for review, and that section does not state a time limit for bringing the petition into compliance with its eight requirements or that a defect in any one of the eight requirements is fatal or incurable. . . .

  \*   \*   \*   \*   \*   \*

. . . Nothing in [4–21.5.5] states that any of the eight requirements for the form and contents of a petition for judicial review, including verification, is 'jurisdictional,' or that a timely petition should be dismissed rather than corrected by amendment if found to be deficient in one formal requirement.

Whereas the old statute, I.C. 4–22–1–14, clearly stated that the petition must be verified *and* filed within 15 days, the present statute, I.C. 4–21.5.5.1 through 4–21.5–5–16 does not convey the same requirements."

Reply brief, pp. 4–6.

We are not persuaded by this distinction. The rationale set forth by *Gary* is equally applicable to this statute as it was to the predecessor statute. The fact that the present statute addresses in separate sections the timeliness of a petition and the requirements for that petition is not dispositive. In fact, taken as a whole, the statutory scheme still requires a party to satisfy certain requirements before obtaining judicial review.

Our duty when construing a statute is to ascertain and give effect to the legislative intent. *Dague v. Piper Aircraft Corp.,* 275 Ind. 520, 524, 418 N.E.2d 207, 210 (1981). A statute is to be examined and interpreted as a whole. *Kinder v. Doe,* 540 N.E.2d 111, 114 (Ind.Ct.App.1989). Where possible, every word in a statute must be given effect and no part of the statute is to be held meaningless if it can be reconciled with the rest of the statute. *Spaulding v. Int'l Bakers Serv.,* 550 N.E.2d 307, 309 (Ind.1990).

Although I.C. § 4–21.5–5 does not expressly state that a petitioner must file a verified petition within thirty days, it is clear from reviewing the statute as a whole that a party must do so. First, the statute indicates that a party who fails to file a timely petition waives the right to judicial review. I.C. § 4–21.5–5–4(b). Second, the petition is timely only if it is filed within thirty days after notice of the agency action is served. I.C. § 4–21.5–5–5. Third, the petition must comply with certain requirements, including verification. I.C. § 4–21.5–5–7. Permitting a party to amend an otherwise noncompliant petition, after the thirty day period has elapsed, would make the thirty day requirement ineffective.[3] Because our goal is to give effect to the entire statute where possible and not to render any portion of the statute meaningless, we decline to interpret the statute in the manner urged by HEC. Therefore, we interpret I.C. § 4–21.5–5 to require that a party must file a *verified* petition within thirty days to initiate judicial review of an agency decision.

Applying this interpretation, we find that the trial court never obtained jurisdiction over the case. Although the unverified petition was timely filed, at the time HEC sought to amend its petition, the thirty day period had expired. As such, HEC's amended petition could not "relate back" to the initial petition because "there [being] no timely filing, there is nothing which an

---

**3.** Although the legislature did expand the time within which to file from fifteen to thirty days, it did nothing to suggest that the thirty day require-ment was less definitive than the prior fifteen day one. *See Gary,* 496 N.E.2d at 1347.

amended pleading could relate back to." *See Gary*, 496 N.E.2d at 1347. Because HEC failed to comply with the statute, the trial court never obtained jurisdiction over the case. *See Prohosky*, 599 N.E.2d at 613. Therefore, the trial court properly granted the appellees' motions to dismiss and properly denied HEC's motion to amend.

For the foregoing reasons, we affirm the trial court's judgment in all respects.

AFFIRMED.

BAKER and RUCKER, JJ., concur.