**Nancy KEMP, Carlean Gadling, Rich Pawlowski, Gloria Wilson, and Brenda Franklin, Appellants–Plaintiffs,**

v.

**FAMILY AND SOCIAL SERVICES and State of Personnel Department, Appellees–Defendants.**

**No. 45A03–9709–CV–334.**

Court of Appeals of Indiana.

April 16, 1998.

---

Terry R. Boesch, Amy Noel Kendt, Valparaiso, for Appellants–Plaintiffs.

Jeffrey A. Modisett, Attorney General of Indiana, Rachel Zaffrann, Deputy Attorney General, Indianapolis, for Appellees–Defendants.

## OPINION

STATON, Judge.

Nancy Kemp, Carlean Gadling, Rich Pawlowski, Gloria Wilson and Brenda Franklin, employees in the Indiana State Merit Service who worked for the Indiana Family and Social Services Administration (collectively the "Employees"), appeal the dismissal of their petition for judicial review of an administrative agency ruling. The Employees present two issues which we consolidate and restate as: whether an attorney's signature on a petition for judicial review meets the verification requirements of the Administrative Orders and Procedures Act (the "AOPA")[1] so as to bestow subject matter jurisdiction on the reviewing trial court.

We hold that it does not, and we affirm.

The Indiana Family and Social Services Administration, under the authority of the State Personnel Department (collectively the "State"), implemented a reclassification of child welfare caseworkers and supervisors which resulted in fewer supervisory positions than incumbents to fill them. To allocate the limited positions, supervisors were ranked using a retention points system after which those supervisors with the most points were given priority in selecting job assignments. The Employees had been demoted as a result of the process, and they filed a complaint with the State Employees' Appeals Commission. A hearing was held and, on June 21, 1996, the Commission issued its final order refusing to reinstate the Employees to their previous positions.

On July 18, 1996, the Employees filed a petition for judicial review of the Commission's decision in the Lake Superior Court. The petition was signed by the Employees' attorney but it did not include an oath or affirmation that the statements therein were true. The State moved to dismiss the petition, claiming that the Employees had not properly invoked the trial court's jurisdiction. The Employees contested the State's motion and submitted an amended verified petition in which each petitioner affirmed under the penalties of perjury that the representations in the petition were true. Ultimately, the trial court decided that it had never acquired jurisdiction over the petition and granted the State's motion to dismiss. This appeal ensued.

■ A petition for judicial review must be filed within thirty days after notice of the agency action is served, IND.CODE § 4–21.5–5–5 (1993), and it must be verified. IND. CODE § 4–21.5–5–7(b) (1993).[2] "Verification" is defined as a "[c]onfirmation of correctness, truth, or authenticity, by affidavit, oath or deposition." BLACK'S LAW DICTIONARY 1561 (6th ed. 1990); *Indiana Civil Rights Comm'n v. City of Muncie*, 459 N.E.2d 411, 414 (Ind. Ct.App.1984), *reh. denied, trans. denied.* Failure to verify a petition deprives the trial court of jurisdiction over the judicial review

1. IND.CODE §§ 4–21.5–1–1 *et seq.* (1993 and Supp. 1996).

2. The statute does not designate who may verify the petition for judicial review. The Indiana Supreme Court ruled that an attorney acting as an agent for a corporation may verify the petition. *Indiana Dep't of Pub. Welfare v. Chair Lance Serv., Inc.*, 523 N.E.2d 1373, 1377–78 (Ind. 1988). This court expanded that ruling and held that an attorney may also verify the petition when the client is an individual. *Giles v. County Dep't of Pub. Welfare*, 579 N.E.2d 653, 654 (Ind. Ct.App.1991), *trans. denied.*

petition. *Medical Licensing Bd. of Ind. v. Provisor,* 678 N.E.2d 814, 817 (Ind.Ct.App. 1997), *reh. denied; Kaminsky v. Medical Licensing Bd. of Ind.,* 511 N.E.2d 492, 497 (Ind.Ct.App.1987) (unless petition is properly verified, all rights of judicial review and recourse to the courts terminate), *reh. denied.*

Indiana Trial Rule 11(B) governs the verification of the petition being reviewed. It reads:

> **Verification by Affirmation or Representation.** When in connection with any civil or special statutory proceeding it is required that any pleading, motion, petition, supporting affidavit, or other document of any kind, be verified, or that an oath be taken, it shall be sufficient if the subscriber simply affirms the truth of the matter to be verified by an affirmation or representation in substantially the following language:
>
> > 'I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true.
> >
> > (Signed) _____'
>
> Any person who falsifies an affirmation or representation of fact shall be subject to the same penalties as are prescribed by law for the making of a false affidavit.

T.R. 11(B); *State ex rel. Indiana State Bd. of Dental Examiners v. Judd,* 554 N.E.2d 829, 831 (Ind.Ct.App.1990). "The language used in a verification is important because the fundamental purpose of verification is to subject the petitioner to the penalties for perjury." *Judd,* 554 N.E.2d at 831.[3]

■ The Employees' original petition was not verified in conformance with Rule 11(B). The Employees' attorney merely affixed his signature and attorney number to the petition after the closing, "Respectfully submitted." Record at 15. The Employees argue that an attorney's signature on a petition for judicial review has the same impact as a verification so that they properly invoked the jurisdiction of the trial court. To support their position, the Employees direct us to Indiana Trial Rule 11(A) which requires every pleading or motion of a party represented by an attorney to be signed by at least one attorney of record. The Rule then provides:

> The signature of an attorney constitutes a certificate by him that he has read the pleadings; that to the best of his knowledge, information, and belief, there is good ground to support it; and that it is not interposed for delay. If a pleading or motion is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action. Similar action may be taken if scandalous or indecent matter is inserted.

T.R. 11(A).

Initially we reject the Employees' argument that Rules 11(A) and 11(B) "are essentially one in the same." Appellants' Brief at 7. Rule 11(A) concerns the attorney's responsibility to use legal processes only for legitimate purposes. *See Preamble: A Lawyer's Responsibilities,* Rules of Professional Conduct. The attorney's signature constitutes a certification that the attorney has read the petition; that, to the best of the attorney's knowledge, information and belief, there is good ground to support it; and that it was not developed merely to cause delay. WILLIAM F. HARVEY, 1 INDIANA PRACTICE, RULES OF PROCEDURE ANNOTATED § 11.2, at 550 (1987). When there is a wilful violation of Rule 11(A), the petition may be stricken and the attorney may be subject to disciplinary action. *See id.* at 551 (rule permits a trial court to confront an attorney openly in the trial court and to impose an appropriate sanction at that time). However, under Rule 11(A), the attorney's signature does not implicitly subject the attorney to the penalties for perjury, the gravamen of the verification requirement. *See Judd,* 554 N.E.2d at 831; IC 35–44–2–1. Nor does it place the client in that position. An attorney's signature under

---

**3.** Indiana Code § 35–44–2–1(a) (1993) governs the offense and states in part:

A person who:

(1) makes a false, material statement under oath or affirmation, knowing the statement to be false or not believing it to be true

\* \* \* \* \*

commits perjury, a Class D felony.

Rule 11(A), without more, is insufficient to meet the verification requirements of Rule 11(B).

Verification is an essential part of the petition for judicial review of an administrative action, and we have consistently considered proper verification a condition precedent to judicial review. *Hoosier Environmental Council v. Department of Natural Resources*, 673 N.E.2d 811, 813–14 (Ind.Ct.App. 1996), *reh. denied, trans. denied; Williams–Woodland Park Neighborhood Ass'n v. Board of Zoning Appeals of Fort Wayne*, 638 N.E.2d 1295, 1297–98 (Ind.Ct.App.1994). Here, the Employees' attorney did not affirm the truth of the statements included in the petition. The attorney's signature by itself was not a proper "verification by affirmation or representation" under Rule 11(B). *See Mechanics Laundry & Supply, Inc. v. Wilder Oil Co.*, 596 N.E.2d 248, 254 (Ind.Ct.App. 1992) (attorneys signed names to request for admissions; held insufficient for denial of execution of contract where the relevant trial rule directs that a denial be under oath or by affidavit), *reh. denied, trans. denied*.

This defect was left uncured by the Employees' amended verified petition filed after the statutory thirty-day period for filing the pleading had elapsed. *See Hoosier Environmental Council*, 673 N.E.2d at 815–16 (if there is no timely filing there is nothing to which an amended pleading can relate back). The trial court did not obtain subject matter jurisdiction of the Employees' petition and, thus, properly dismissed the Employees' petition for judicial review.

Affirmed.

GARRARD and RUCKER, JJ., concur.