**COMMISSIONER, INDIANA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, Appellant–Petitioner,**

v.

**BETHLEHEM STEEL CORPORATION, Appellee–Respondent.**

No. 49A02–9803–CV–281.

Court of Appeals of Indiana.

Dec. 8, 1998.

Jeffrey A. Modisett, Attorney General, Rachel Zaffrann, Deputy Attorney General, Indianapolis, for Appellant–Petitioner.

Anthony C. Sullivan, E. Sean Griggs, Barnes & Thornburg, Indianapolis, for Appellee–Respondent.

## OPINION

GARRARD, Judge.

### Case Summary

The Indiana Department of Environmental Management ("IDEM") petitioned the trial court for judicial review of an administrative decision by the Office of Environmental Adjudication ("OEA"). Bethlehem Steel Corporation ("Bethlehem Steel") filed a motion to dismiss IDEM's petition and the trial court granted Bethlehem Steel's motion. IDEM appeals the trial court's decision. We affirm.

### Issue

Whether the trial court properly granted Bethlehem Steel's motion to dismiss where IDEM's petition for judicial review did not comply with Indiana Code section 4–21.5–5–7 and where IDEM filed a motion to correct the defective petition.

### Facts and Procedural History

In July 1996, Bethlehem Steel filed a Title V permit application with IDEM. In September 1996, IDEM issued a notice of deficiency asserting that the application was incomplete. Bethlehem Steel filed a petition for an adjudicatory hearing and administrative review of IDEM's notice of deficiency. Bethlehem Steel filed a motion for summary judgment and, on December 13, 1997, OEA granted Bethlehem Steel's motion remanding the case to IDEM to complete the permit review process.

On January 13, 1997, IDEM filed a petition for judicial review of the OEA's order. On April 15, 1997, Bethlehem Steel filed a motion to dismiss claiming that IDEM's petition failed to comply with the Administrative Orders and Procedures Act ("AOPA"). Specifically, the petition failed to give the petitioner's address, the acting agency's address, or a brief summary or copy of the agency's

action, as required by Indiana Code section 4–21.5–5–7. In response, on September 12, 1997, IDEM filed a motion to correct omission of the administrative order. The trial court denied IDEM's motion and granted Bethlehem Steel's motion to dismiss.

### Discussion and Decision

■ IDEM seeks judicial review of a final administrative order issued on December 13, 1996 by Wayne Penrod, Chief Environmental Law Judge of the OEA. Bethlehem Steel contends that IDEM should not be granted judicial review because it failed to timely comply with the requirements of the AOPA, thus failing to invoke the trial court's jurisdiction. A party may file a petition for judicial review of an administrative order after exhausting all available administrative remedies. However, a party who fails to file a timely petition for review waives the right to judicial review. IND.CODE § 4–21.5–5–4(a), (b). Moreover, the jurisdiction of the trial court may not be invoked until the plaintiffs have complied with the statutorily provided procedures. *Prohosky v. Dept. of Natural Resources*, 599 N.E.2d 611, 613 (Ind.Ct.App. 1992). The petition must comply with Indiana Code section 4–21.5–5–7 which sets forth the following requirements:

(b) A petition for review must be verified and set forth the following:

(1) The name and mailing address of the petitioner.

(2) The name and mailing address of the agency whose action is at issue.

(3) Identification of the agency action at issue, together with a copy, summary, or brief description of the agency action.

(4) Identification of persons who were parties in any proceedings that led to the agency action.

(5) Specific facts to demonstrate that the petitioner is entitled to obtain judicial review under section 2 [Ind. Code 4–21.5–5–2] of this chapter.

(6) Specific facts to demonstrate that the petitioner has been prejudiced by one (1) or more of the grounds described in section 14 [Ind.Code 4–21.5–5–14] of this chapter.

(7) A request for relief, specifying the type and extent of relief requested.

IND.CODE § 4–21.5–5–7.

■ Here, when IDEM filed its petition for judicial review, it failed to include the petitioner's mailing address, the acting agency's mailing address, or a "copy, summary, or brief description of the agency action." However, IDEM argues that, under the circumstances presented here, the trial court erred in dismissing the petition. IDEM's argument is twofold: 1) IDEM complied with the AOPA because it incorporated the OEA's order by reference in its petition, and the order contained the missing information, and 2) IDEM's failure to include the order with the petition was an inadvertent error that should not prevent the trial court from taking jurisdiction. Therefore, IDEM asserts that the trial court should have granted its motion to correct omission of the administrative order and denied Bethlehem Steel's motion to dismiss.

Because IDEM did not attach the OEA's order to its petition for judicial review, it cannot argue that the order was incorporated by reference. It is a general rule that a document cannot be incorporated by mere reference to it. In order to incorporate a document by reference, the party must attach the document as an exhibit. Having failed to attach the order, IDEM failed to file a petition for judicial review complying with the AOPA. We now address the issue of whether the trial court should have granted IDEM's motion to correct the omission.

■ Here, the OEA issued its administrative order on December 13, 1996 and IDEM filed its petition for judicial review on January 13, 1997. A petition for judicial review is timely only if it is filed within thirty days after the date that notice of the agency action is served. IND.CODE § 4–21.5–5–5. Although IDEM filed its petition within the thirty-day period, the petition did not comply with Indiana Code section 4–21.5–5–7. This court has previously determined that failure to satisfy the statutory requirements of Indiana Code section 4–21.5–5–7 is a jurisdictional defect. *Hoosier Envtl. Council v. Department of Natural Resources*, 673 N.E.2d 811, 814 (Ind.Ct.App.1996), *trans. denied.* Having determined that IDEM failed to

meet several of the statutory requirements, we must conclude that the trial court failed to obtain jurisdiction of the particular case. *Id; see also Prohosky,* 599 N.E.2d at 613. Because IDEM failed to invoke the trial court's jurisdiction through its original petition, we now turn to whether IDEM can satisfy the statutory requirements by filing, in effect, a motion to amend. Based on our decision in *Hoosier Environmental Council,* we conclude that it cannot. In *Hoosier Environmental Council,* an interested party, "HEC", filed a petition for judicial review of an administrative order but failed to verify the petition. *Hoosier Environmental Council,* 673 N.E.2d at 812. HEC then filed a motion to amend its petition to correct the error. *Id.* at 813. The trial court denied HEC's motion to amend finding that, because the original petition was statutorily defective, the trial court did not obtain jurisdiction over it. Therefore, it had no jurisdiction to allow an amendment relating back to the original day of filing. *Id.* This court affirmed the trial court's decision. In so holding we stated:

> Permitting a party to amend an otherwise noncompliant petition, after the thirty-day period has elapsed, would make the thirty day requirement ineffective.... Although the unverified petition was timely filed, at the time HEC sought to amend its petition, the thirty day period had expired. As such, HEC's amended petition could not "relate back" to the initial petition, because "there [being] no timely filing, there is nothing which an amended pleading could relate back to."
>
> *Id.* at 815–16 (quoting *Gary Community Mental Health Center, Inc. v. Indiana Dep't of Pub. Welfare,* 496 N.E.2d 1345, 1347 (Ind.Ct.App.1986)).

Here, IDEM filed its motion after the thirty day period had expired. Therefore, the trial court properly granted the appellee's motion to dismiss and properly denied IDEM's motion to correct.

Affirmed.

RUCKER and RILEY, JJ., concur.