**INDIANA DEPARTMENT OF ENVI-RONMENTAL MANAGEMENT, Appellant–Respondent,**

v.

**JENNINGS NORTHWEST REGIONAL UTILITIES and The Board of Trustees of Jennings Northwest Regional Utilities, Appellees–Petitioners,**

Lori F. Kaplan, in her representative Capacity as Commissioner of the Indiana Department of Environmental Management, Non–Appealing Party, Respondent.

No. 49A02–0104–CV–246.

Court of Appeals of Indiana.

Dec. 14, 2001.

Anita Wylie, Indianapolis, IN, Attorney for Appellant.

George T. Patton, J. Christopher Janak, Indianapolis, IN, Attorneys for Appellees.

## OPINION

HOFFMAN, Senior Judge.

Appellant–Respondent Indiana Department of Environmental Management ("IDEM") appeals the trial court's determination in favor of Appellee–Petitioner Jennings Northwest Regional Utilities and The Board of Trustees of Jennings Northwest Regional Utilities (collectively, "the Utility").[1] We affirm.

IDEM raises one issue for our review, which we restate as: whether the trial court correctly determined that it had jurisdiction over the Utility's amended peti-

---

1. Lori Kaplan, in her representative capacity as IDEM Commissioner, was a Respondent below. She does not join in this appeal.

tion for judicial review after dismissing the original petition.

The Utility raises one issue on cross-appeal, which we restate as: whether the trial court erred in dismissing the Utility's initial petition for judicial review.

On December 19, 1995, the Jennings County Commissioners ("County Commissioners") filed a petition requesting that IDEM establish a regional water and sewage district to be known as the "Jennings Northwest Regional Utilities." The primary purpose of the Utility was to remedy a sewage disposal problem in Jennings County, Indiana. In the petition, the County Commissioners requested that the members of the Utility's board be elected by the Utility's customers.

After determining that the petition was sufficient under Ind.Code § 13–26–2–4, IDEM set a hearing to receive public input regarding the establishment, proposed operation, and management of the Utility. After the hearing, an IDEM hearing officer submitted findings of fact and a recommendation to the IDEM Commissioner. In this document, the hearing officer recommended that the Utility be established as a regional water and sewage district and that a board be elected by the Utility's customers. On November 4, 1996, the IDEM Commissioner issued a Final Order (the "1996 Order") adopting the hearing officer's recommendation and authorizing the Utility to begin providing sewer service to an area in Jennings County.

On August 4, 1999, IDEM issued an amended order (the "1999 Amended Order") which purported to modify the 1996 Final Order. The order was sent to the County Commissioners, and it gave them the authority to designate the manner in which the Utility's board would be determined. In the order, IDEM stated that it was correcting an error made in the 1996 Order.[2]

On September 3, 1999, the Utility filed a petition for judicial review of IDEM's 1999 Amended Order. On September 27, 1999, IDEM filed a motion to dismiss the petition on the twin bases that the Utility lacked standing to invoke the trial court's jurisdiction and that the Utility was not the real party in interest. The trial court granted the motion to dismiss the petition on November 29, 1999, but stated in its dismissal order that the Utility could amend the petition pursuant to Ind. Trial Rule 15(A).

Thereafter, on December 30, 1999, the Utility filed an amended petition for judicial review. The trial court denied all of IDEM's subsequent motions to strike and/or dismiss the amended petition. The trial court ultimately set aside the 1999 Amended Order. In doing so, the court determined that the 1999 Amended Order "(a) fails to comply with Ind.Code § 4–21.5–3–27(c); and (b) erroneously concludes that the November 4, 1996 Final Order was contrary to law and could be subsequently amended." (Trial Court's Conclusion of Law # 34, Appellant's App. 27).

IDEM contends that the trial court erred in allowing the Utility to amend its original petition for judicial review. Specifically, IDEM contends that the Utility should not be granted judicial review because it failed to timely comply with the

2. The City of North Vernon had previously filed suit against IDEM and the Utility in which it argued that the 1996 Order was illegal and should be amended. Ironically, IDEM successfully argued that the 1996 Order was "legal, final, and could not be amend-

ed." (Trial Court's Finding of Fact # 13, Appellant's App. 13). This court upheld the trial court's dismissal of the City of North Vernon's complaint. *See City of North Vernon v. Funkhouser*, 725 N.E.2d 898 (Ind.Ct.App. 2000), *trans. denied*.

Administrative Orders and Procedures Act (the "Act").

▮ The Act requires a party to file a petition for judicial review within thirty days after service of notice of the agency action at issue. Ind.Code § 4–21.5–5–5. A party who fails to timely petition within the aforementioned period waives its right to judicial review. Ind.Code § 4–21.5–5–4(b)(1). Furthermore, the jurisdiction of the trial court "may not be invoked until the plaintiff [has] complied with the statutorily provided procedures." *Commissioner, Indiana Department of Environmental Management v. Bethlehem Steel Corp.*, 703 N.E.2d 680, 682 (Ind.Ct.App. 1998). The petition must comply with Ind. Code § 4–21.5–5–7(b), which requires the petition to be verified and to set forth (1) the name and mailing address of the petitioner; (2) the name and mailing address of the agency whose action is at issue; (3) identification of the agency action at issue, together with a copy, summary, or brief description of the agency action; (4) identification of persons who were parties in any proceedings that led to the agency action; (5) specific facts to demonstrate that the petitioner is entitled to obtain judicial review under Ind.Code § 4–21.5–5–2 [3]; (6) specific facts to demonstrate that the petitioner has been prejudiced by one or more of the grounds described in Ind. Code § 4–21.5–5–14; and (7) a request for relief, specifying the type and extent of relief requested. *See Prohosky v. Department of Natural Resources*, 599 N.E.2d 611, 613 (Ind.Ct.App.1992).

Here, IDEM contends that the trial court did not have jurisdiction to review the issues raised by the Utility in its petition. Specifically, IDEM contends that the trial court was deprived of jurisdiction because the original petition for judicial review was defective for failure to comply with Ind.Code § 4–21.5, and the amended petition was not filed within the thirty-day period set forth in Ind.Code § 4–21.5–5–5. In other words, IDEM asserts that the amended petition does not "relate back" to the original petition for purposes of deciding whether judicial review has been timely sought.

This court has previously considered the issue of whether an amended petition for judicial review that is filed outside the thirty-day period set forth in Code § 4–21.5–5–5 may "relate back" to the original petition under Ind. Trial Rule 15. We have consistently held that an untimely amended petition cannot relate back to a timely-filed original petition that was insufficient to invoke the trial court's jurisdiction. *Bethlehem Steel*, 703 N.E.2d at 683; *Hoosier Environmental Council v. Department of Natural Resources*, 673 N.E.2d 811, 815–16 (Ind.Ct.App.1996), *trans. denied.* As we have stated, "[an] amended petition could not 'relate back' to the initial petition because 'there [being] no timely filing, there is nothing which an amended pleading could relate back to.'" *Hoosier Environmental*, 673 N.E.2d at 815–16 (quoting *Gary Community Mental Health Center, Inc. v. Indiana Department of Public Welfare*, 496 N.E.2d 1345, 1347 (Ind.Ct.App.1986)).

▮ The Utility contends that its amended petition should relate back to its initial petition because IDEM based its

---

**3.** Ind.Code § 4–21.5–5–2(b) provides that the only entity that is entitled to review of a final agency action is one who qualifies under (1) section 3 of this chapter concerning standing; (2) section 4 of this chapter concerning exhaustion of administrative remedies; (3) section 5 of this chapter concerning the time for filing a petition for review; (4) section 13 of this chapter concerning the time for filing the agency record for review; and (5) any other statute that sets conditions for the availability of judicial review.

request for dismissal on Ind. Trial Rule 12(B)(6). In support of its contention, the Utility cites *Harp v. Indiana Department of Highways,* 585 N.E.2d 652, 660 (Ind.Ct. App.1992) for the proposition that "if a dismissal is granted under T.R. 12(B)(6), the pleading [a complaint under the Declaratory Judgment Act] may be amended to correct the jurisdictional defect under T.R. 15(A) and the amendment is capable of relating back under T.R. 15(C), continuing to toll the statute of limitations." We hold that *Harp,* which does not involve dismissal for failure to comply with the jurisdictional requirements of Ind.Code § 4–21.5, is not applicable here. We also hold that *Bethlehem Steel* and *Hoosier Environmental,* both decided after *Harp,* are applicable. These cases hold that the time limit imposed by Ind.Code § 4–21.5–5–5 is not tolled when a party's initial petition fails to invoke the trial court's jurisdiction. Furthermore, although IDEM's motion to dismiss invoked Ind. Trial Rule 12(B)(6), the subsequent dismissal was partially premised upon the trial court's determination that the Utility lacked standing. A showing of standing is a statutory prerequisite to the pursuit of a petition for judicial review. *See* Sections 2, 3, and 7 of Ind.Code § 4–21.5–5.

We now turn to the issue raised by the Utility on cross-appeal. Specifically, we are asked to determine whether the trial court erred in dismissing the initial petition. If the dismissal was improper, then the timely-filed initial petition invoked the trial court's jurisdiction within the thirty-day period required by Ind.Code § 4–21.5–5–5. We review the trial court's ruling on the motion to dismiss to determine whether the trial court erred in its application of the law. *See Time Warner Entertainment Co., L.P. v. Whiteman,* 741 N.E.2d 1265, 1270 (Ind.Ct.App.2001), *trans. pending* (citing *American Dry Cleaning & Laun-*

*dry v. State,* 725 N.E.2d 96, 98 (Ind.Ct. App.2000)).

An entity has standing to obtain judicial review of an agency action if (1) it is the entity to which the agency action is specifically directed; (2) it was a party to the agency proceedings that led to the agency action; (3) it is eligible for standing under a law applicable to the agency action; and/or (4) it is otherwise aggrieved or adversely affected by the agency action. Ind.Code § 4–21.5–5–3(a). Our review of this matter convinces us that the Utility has standing under the fourth requirement above. An entity has standing under the fourth requirement only if (1) the agency action has prejudiced or is likely to prejudice the interests of the entity; (2) the entity was eligible for an initial notice of an order or proceeding under Ind.Code § 4–21.5, was not notified of the order or proceeding in substantial compliance therewith, and did not have actual notice of the order or proceeding before the last date in the proceeding that the entity could object or otherwise intervene to contest the agency action; (3) the entity's asserted interests are among those that the agency was required to consider when it engaged in the agency action challenged; and (4) a judgment in favor of the entity would substantially eliminate or redress the prejudice to the entity caused or likely to be caused by the agency action. Ind. Code § 4–21.5–5–3(b).

In its 1996 Order, IDEM created the Utility as an "independent municipal corporation," and it authorized a method for determining board members that would insure independence from the County Commissioners. (Appellant's App. 206). As a municipal corporation, the Utility has all the powers granted to it by Ind.Code § 13–26–5–2. Specifically, the Utility has the ability to "exercise powers of the district without obtaining the consent of other

eligible entities." Ind.Code § 13–26–5–2(22). The 1999 Amended Order eviscerates the independence given to the Utility by placing the future of the Utility's leadership in the hands of County Commissioners.[4] This limitation on the Utility's independence is unquestionably prejudicial and should have been considered by IDEM in the process of amending the 1996 Order. Furthermore, a judgment in favor of the Utility would substantially eliminate or redress the prejudice because it would serve to recognize the Utility's status as a municipal corporation independent of the County Commissioners' control. Finally, as the entity created by the 1996 Order and prejudiced by the attempted amendment thereto, the Utility was eligible for, but did not receive, an initial notice of the order pursuant to Ind.Code § 4–21.5. The Utility had standing to obtain judicial review of IDEM's 1999 Amended Order under Ind.Code § 4–21.5–5–3(a)(4). and therefore the trial court erred in dismissing the Utility's initial petition for judicial review.

■ IDEM also contends that the trial court was correct in dismissing the original petition for judicial review because the Utility is not the real party in interest. The real party in interest requirement is similar to that of standing. "Both are threshold requirements intended to insure that the party before the court has the substantive right to enforce the claim being asserted." *Hosler v. Caterpillar,* 710 N.E.2d 193, 197 (Ind.Ct.App.1999), *trans. denied.* A real party in interest is the entity that is "the true owner of the right sought to be enforced." *Beason–Strange–Claussen v. City of Hammond,* 701 N.E.2d 1288, 1290 (Ind.Ct.App.1998), *trans. denied, disapproved on other grounds in Family Development, Ltd. v. Steuben County Waste Watchers, Inc.,* 749 N.E.2d 1243 (Ind.Ct.App.2001). In addition, the real party in interest is the entity entitled to the "fruits of the action." *Union Township School Corp. v. State ex rel. Joyce,* 706 N.E.2d 183, 188 (Ind.Ct.App.1998), *trans. denied.*

■ Here, the 1996 Order gave the Utility the right to operate as an independent corporation, and it set forth a voting procedure that would insure that right. The 1999 Amended Order purported to give the County Commissioners an option to take away the Utility's independence. The right threatened by the 1999 Amended Order was "owned" by the Utility, and the Utility was entitled to petition the trial court to protect that right. The Utility was entitled to the fruits of the action, i.e. protection of its independence.

The upshot is that the Utility was a proper party under Ind.Code 4–21.5–5 to petition for judicial review of IDEM's 1999 Amended Order. Thus, the trial court was correct in considering the merits of the Utility's petition. We affirm.

ROBB, J., and MATHIAS, J., concur.

---

4. The 1999 Amended Order mentioned two different voting schemes that it deemed proper. The first, Ind.Code § 13–26–4–2, provides that the board may be elected by the "voters of the district from districts or wards or from the district at large." The second, Ind.Code § 13–26–4–3, provides that the instead of electing a board, an order establishing a district may provide for "appointments to the board by the elected executive or legislative officers of certain eligible entities having territory in the district." The second option has the effect of allowing the County Commissioners, an eligible entity under the statutes, to assert control over the Utility by their appointments. This effect is completely inconsistent with the intent of the 1996 Order to create an independent municipal corporation.