**METHODIST HOSPITAL OF INDIANA, INC., Appellant (Defendant Below),**

v.

**Mabel D. RIOUX and Charles E. Rioux, Appellees (Plaintiffs Below).**

No. 2–182A32.

Court of Appeals of Indiana, Fourth District.

Aug. 9, 1982.

Kevin Charles Murray, Locke, Reynolds, Boyd & Weisell, Indianapolis, for appellant.

Robert C. Rupp, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for appellees.

YOUNG, Presiding Judge.

Appellant-defendant Methodist Hospital of Indiana, Inc. brings this interlocutory appeal contending the trial court erroneously denied its Motion for Summary Judgment. Ind.Rules of Procedure, Trial Rule 56. We reverse.

Because of the early point in the proceedings at which this appeal was taken, the details before us are limited. Plaintiff-appellee Mabel D. Rioux was a patient at the hospital when she fell and broke her hip. She alleges the defendant "negligently and carelessly failed to properly provide appropriate care ... to prevent said fall and injury." Complaint R. 6. The hospital filed a Motion for Summary Judgment accompanied by an affidavit demonstrating that no opinion of the medical review panel had been rendered as required by Ind.Code 16–9.5–9–2. The trial court denied the motion. The hospital brought this interlocutory appeal.

In essence, Riouxes claim the hospital negligently and carelessly failed to provide appropriate care to prevent a fall.[1] No facts are before the court other than the affidavit of the insurance commissioner filed by the hospital that no medical review panel opinion had been rendered. The issue before us is whether the Medical Malpractice Act, Ind.Code 16–9.5–1–1 et seq., requires the plaintiffs in this case to file a proposed complaint with the medical review panel and to have an opinion rendered by the panel before a complaint can be filed in any court. The hospital argues the Act does apply and such a filing is required. Riouxes argue the complaint is not one for medical malpractice against a health care provider, but is a suit for ordinary negligence and therefore not subject to the Act. It is not disputed that the hospital is a

hospital within the Act. Nor is there a dispute that Mabel was a patient injured during confinement in the hospital.

■ As a prerequisite to an action in any court of this state against a health care provider, the Act requires that a proposed complaint be presented to a medical review panel and an opinion rendered by the panel. Ind.Code 16–9.5–9–2. The medical review panel reviews all proposed malpractice complaints against health care providers covered by the Act. Ind.Code 16–9.5–9–1. A health care provider is "[A] person, partnership, corporation, professional corporation, facility or institution licensed or legally authorized by this state to provide health care or professional services as a physician, psychiatric hospital, hospital, ... or an officer, employee or agent thereof acting in the course and scope of his employment ...." Ind.Code 16–9.5–1–1(a)(1). Health care is "any act, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment or confinement." Ind.Code 16–9.5–1–1(i). Malpractice means "any tort or breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient." Ind.Code 16–9.5–1–1(h). Tort is defined as "any legal wrong, breach of duty, or negligent or unlawful act or omission proximately causing injury or damage to another." Ind.Code 16–9.5–1–1(g). Thus the Act applies to any legal wrong, breach of duty, or negligent or unlawful act or omission proximately causing injury to another based on any act or treatment performed or furnished, or which should have been performed or furnished by the hospital for, to, or on behalf of a patient during the patient's medical care, treatment or confinement.

■ The complaint alleges that the hospital negligently and carelessly failed to

---

1. Mr. Rioux's suit for loss of consortium is derivative of Mrs. Rioux's claim against the hospital.

provide appropriate care for the patient during her confinement to prevent her fall and injury. This falls within the broad language of the statute.[2] When the hospital filed its Motion for Summary Judgment[3] with accompanying affidavit demonstrating no medical review panel opinion had been rendered, Riouxes did nothing to place in issue facts to take the complaint out of the Act. When a motion for summary judgment is made and supported as provided in T.R. 56, an adverse party may not rest upon his pleadings but must, as provided by the rule, set forth facts showing there is a genuine issue for trial. T.R. 56(E). In their memorandum in opposition, Riouxes claim the negligence was of a non-medical nature removing them from the Act. However, the complaint places in issue appropriate care by the hospital during confinement which is subject to the Act. Statements of fact in the memorandum in opposition cannot be relied upon to demonstrate genuine issues of fact. *Bell v. Horton*, (1980) Ind. App., 411 N.E.2d 648.

 There is no genuine issue of material fact presented. The Act is drafted in very broad terms, as shown by the definitions set out above. Applying the definitions of the Act, filing a proposed complaint and an opinion of the medical review panel were necessary prerequisites to filing suit in the trial court. Hence, summary judgment was appropriate and should have been granted. The trial court erred in its application of the law to the facts and the legal issue

before it. We must reverse and remand for proceedings consistent with this opinion.

Reversed.

MILLER and CONOVER, JJ., concur.

---

2. Because of the broad language used by the Legislature, we believe the Act was intended to control the situation before us. The Act does not appear to be in need of construction. Methodist Hospital is a hospital facility authorized to provide professional services and health care. It is the professional duty of a hospital to provide a safe environment within which to diagnose and treat patients. Failure to keep the hospital premises in a safe condition is a breach of the duty of a hospital. *Murillo v. Good Samaritan Hospital*, (1979) 99 Cal.App.3d 50, 160 Cal.Rptr. 33. Thus by definition, the injury or damage complained of falls within the Act. Ind.Code 16–9.5–1–1.

3. Normally failure to strictly comply with all the procedural prerequisites of a statutory pro-

ceedings subjects a complaint to dismissal for failure to state a claim under T.R. 12(B)(6). *State ex rel. Young v. Noble Circuit Court*, (1975) 263 Ind. 353, 332 N.E.2d 99. However, the hospital filed a Motion for Summary Judgment with an accompanying affidavit. T.R. 56. A T.R. 12(B)(6) Motion to Dismiss is automatically converted to one for summary judgment under T.R. 56 when accompanying materials are filed and not excluded by the trial court. T.R. 12(B). Thus, the Motion for Summary Judgment was the proper vehicle for resolution of this case. *See Whitaker v. St. Joseph's Hospital*, (1981) Ind.App., 415 N.E.2d 737. Riouxes *could not merely rest upon their pleadings once the motion was converted to one for summary judgment.*