**PUTNAM COUNTY HOSPITAL, Fred Drake, M.D., S. Coumau, R.N., D. Vaughn, R.N., P. Terry, R.N., and John Doe, Unknown Staff Members of Putnam County Hospital, Appellants–Defendants,**

v.

**Lucy SELLS, as Legal Parent and Guardian of Leann Sells, a Minor, Appellee–Plaintiff.**

No. 67A01–9301–CV–14.

Court of Appeals of Indiana,
First District.

Sept. 9, 1993.

Robert G. Ziegler, David Becsey, Indianapolis, for appellants-defendants.

David W. Stewart, Carmel, for appellee-plaintiff.

NAJAM, Judge.

### STATEMENT OF THE CASE

Putnam County Hospital, together with several of its staff members (collectively the "Hospital"), brings this interlocutory appeal from an order denying the Hospital's motion to dismiss the complaint of Lucy Sells ("Sells"), as legal parent and guardian of Leann Sells, a minor. In support of its motion to dismiss, the Hospital first contends that Sells failed to comply with the notice provisions of the Indiana Tort Claims Act. The Hospital also claims the trial court lacked subject-matter jurisdiction because Sells' complaint sounds in medical malpractice, not ordinary negligence, and that Sells should have complied with the requirements of the Indiana Medical Malpractice Act. We reverse.

### ISSUE

■ The Hospital presents two issues on appeal. Because we conclude that one issue is dispositive, we address only the following question: whether the trial court erred when it determined that Sells' complaint alleged an ordinary negligence claim not governed by the Indiana Medical Malpractice Act and denied the Hospital's motion to dismiss.[1]

### FACTS

On January 8, 1991, Leann Sells had a tonsillectomy at Putnam County Hospital. Following the surgery, Leann was taken to the recovery room where she later fell from her bed. When she fell, Leann was under anesthesia, and the bedrailings were not in the upright position. Leann sustained injuries to her face as a result of the fall.

Sells filed her complaint on March 26, 1992. The Hospital moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Trial Rule 12(B)(6), asserting that Sells' failure to comply with the notice provisions of the Indiana Tort Claims Act barred her claim. The Hospital also moved to dismiss for lack of subject-matter jurisdiction pursuant to Trial Rule 12(B)(1), maintaining that Sells' complaint was one of medical malpractice, not ordinary negligence. Following a hearing, the trial court denied the

---

1. We need not consider the Hospital's motion to dismiss for Sells' failure to comply with the notice provisions of the Indiana Tort Claims Act. Indiana Code § 16–9.5–1–9 provides: "A claim based on an occurrence of malpractice against a governmental entity or an employee of a governmental entity, as those terms are defined in IC 34–4–16.5, shall be governed exclu- sively by this article if the governmental entity or employee is qualified under this article." Sells acknowledges that the Hospital was a qualified health care provider as defined by the Act. Record at 65; *see* IND.CODE § 16–9.5–2–1. Thus, because we conclude that Sells' claim is one of medical malpractice, the notice provisions of the Tort Claims Act do not apply.

Hospital's motion to dismiss on both grounds.

## DISCUSSION AND DECISION

### Standard of Review

■ Subject-matter jurisdiction is the power of a court to hear and decide a particular class of cases. *Behme v. Behme* (1988), Ind.App., 519 N.E.2d 578, 582. The issue of subject-matter jurisdiction is resolved by determining whether the claim involved falls within the general scope of authority conferred on a court by the Indiana Constitution or by statute. *State ex rel. Hight v. Marion Superior Court* (1989), Ind., 547 N.E.2d 267, 269. Subject-matter jurisdiction cannot be waived, and may be raised by the parties or the court at any time, including on appeal. *Schoffstall v. Failey* (1979), 180 Ind.App. 528, 389 N.E.2d 361, 363.

■ The trial court denied the Hospital's motion to dismiss based upon the allegations in the complaint and applicable law. On appeal in Trial Rule 12(B)(1) cases of this posture, we accept the facts as alleged in the complaint as true. *United States Steel Corporation v. Northern Indiana Public Service Company, Inc.* (1985), Ind.App., 482 N.E.2d 501, 503. Thus, because the facts are not in dispute and we could have raised the question of subject matter jurisdiction sua sponte, "we are in as good a position as the trial court to determine it." *Id.*

### Subject–Matter Jurisdiction

The Hospital asserts that the trial court lacks subject-matter jurisdiction because Sells' claim is one of medical malpractice, not ordinary negligence. The Hospital contends that Sells failed to comply with the Indiana Medical Malpractice Act (the "Act") when she did not submit a proposed complaint to the Department of Insurance and obtain an opinion from a medical review panel before filing her complaint with the trial court. We agree that Sells' complaint alleges a medical malpractice claim, that the trial court lacks subject-matter jurisdiction over Sells' complaint and that

the court is required to grant the Hospital's motion to dismiss.

■ The Act provides:

"Except as provided in subsection (b) and in section 3.5 of this chapter, no action against a health care provider may be commenced in any court of this state before the claimant's proposed complaint has been submitted to a medical review panel established pursuant to this chapter and an opinion is rendered by the panel."

IND.CODE § 16–9.5–9–2. Thus, "if the defendant is a qualified health care provider under the Act, a proposed complaint submitted to the medical review panel and a decision by the medical review panel upon the complaint is [sic] required prior to instituting an action in an Indiana state court of general jurisdiction." *St. Anthony Medical Center, Inc. v. Smith* (1992), Ind.App., 592 N.E.2d 732, 735, *trans. denied*. Submission of a proposed complaint to the medical review panel is a condition precedent to filing a medical malpractice claim in Indiana. *Id.* at 735. The Act grants subject-matter jurisdiction over medical malpractice actions first to the medical review panel, and then to the trial court. *Id.*

■ However, we have held that not every negligent act or omission by a health care provider constitutes medical malpractice. In *Winona Memorial Foundation v. Lomax* (1984), Ind.App., 465 N.E.2d 731, *trans. denied*, we determined that:

"Such matters as the *maintenance of safe premises* are within the common knowledge and experience of the average person. Health care providers, who must make up the medical review panel under IC 16–9.5–9–3, are no more qualified as experts on such matters than the average juror."

*Id.* at 740 (emphasis added). A "premises liability" claim is one of ordinary negligence, unrelated to the provision of medical care or treatment, and is not within the scope of the Act. *Id.* at 742. In that case, Lomax, a patient at the hospital, tripped and fell on a protruding floor board at a time when she was not under the care or

treatment of the medical staff. We found that Lomax's complaint alleged "more than a mere failure of 'appropriate care.'" *Id.* at 741. Thus, after examining the facts, we held that Lomax's claim involved the "negligent maintenance of the provider's business premises" and was not within the scope of the Act. *Id.* at 739.

Sells contends that her claim is one of ordinary negligence based on premises liability and not on medical malpractice. She maintains that our holding in *Harts v. Caylor–Nickel Hospital, Inc.* (1990), Ind.App., 553 N.E.2d 874, *trans. denied,* which relied on *Lomax,* controls our decision as to the nature of her claim. We disagree.

Harts, the plaintiff in *Caylor–Nickel,* fell from his hospital bed when the bedrailing collapsed as he attempted to use it for support. Harts subsequently filed a complaint against the hospital alleging that the "direct and proximate cause of the fall of Plaintiff was the negligence of the Defendants." Harts also filed an affidavit which specifically alleged ordinary negligence and not medical negligence. *Caylor–Nickel,* 553 N.E.2d at 879. In finding for Harts, we held that the tenor of Harts' complaint supported an allegation of ordinary negligence. Harts did not allege any breach of duty directly associated with medical care that would have subjected his claim to the Act. *Id.*

▪ In this instance, the tenor of Sells' complaint supports an allegation of medical negligence. Her complaint alleges in relevant part:

"5. That following surgery on January 8, 1991, Leann Sells was taken to the recovery room where she fell off of a table while under anesthesia sustaining injury to her face.

6. That the defendant, Putnam County Hospital, was negligent in failing to

properly train and supervise its staff members with regard to proper procedure for monitoring patients in the recovery room following surgery.

7. That the Defendants were negligent in failing to properly monitor and observe Leann Sells in the recovery room, failing to insure that railings were in place on her recovery room bed and failing to take proper steps to insure that Leann Sells would not injure herself while under anesthesia."

Record at 6. In *Caylor–Nickel* we held that the claim asserted ordinary negligence because the bedrailing collapsed when Harts used it. The bedrailing was in place but did not work properly. Thus, Harts' claim involved negligent maintenance of the hospital's premises or equipment. However, in this case Sells alleges negligence in failing to insure that railings were in place on her recovery room bed. This is not an allegation of faulty premises or equipment. As the Hospital contends, this allegation "challenges the health care decisions of the Hospital made in regard to Leann Sells while she was under general anesthesia recovering from a surgical procedure." Appellants' Brief at 29–30.

Sells' complaint contains other references to Leann's medical care and treatment. Sells' alleges that Leann was under anesthesia, that the Hospital failed to train and supervise its staff properly concerning the procedures for monitoring patients after surgery, that the Hospital failed to monitor and observe Leann properly in the recovery room, and that the Hospital failed to take steps to insure that Leann would not injure herself while under anesthesia. In essence, Sells' complaint alleges that the Hospital's acts or omissions fell below the appropriate standard of care. This is not a premises liability claim. Sells' complaint falls squarely within the scope of the Act.[2]

**2.** The hospitals in both *Lomax* and *Caylor–Nickel,* like the Hospital here, also relied on our decision in *Methodist Hospital of Indiana, Inc. v. Rioux* (1982), Ind.App., 438 N.E.2d 315, in an attempt to bring the plaintiff's claim within the scope of the Act. The plaintiff, Rioux, fell on the floor and broke her hip while a patient at Methodist Hospital. As discussed in *Lomax* and

*Caylor–Nickel,* the only allegation raised in Rioux's complaint was that Methodist Hospital "negligently and carelessly failed to provide appropriate care ... to prevent [her] fall and injury." *Rioux,* 438 N.E.2d at 316. In finding a claim of medical malpractice, we held that Rioux "did not place in issue facts to take the complaint out of the Act." *Id.* at 317. Yet, in

*CONCLUSION*

 We conclude that Sells has stated a claim of medical malpractice rather than ordinary negligence. Because Sells did not submit a proposed complaint to the Department of Insurance and obtain an opinion from a medical review panel pursuant to the Act, the trial court lacks subject-matter jurisdiction and should have granted the Hospital's motion to dismiss without prejudice. *See St. Anthony Medical Center, Inc. v. Smith,* 592 N.E.2d at 736.

We reverse with instructions to dismiss Sells' complaint without prejudice.

BAKER and HOFFMAN, JJ., concur.

*Lomax* and *Caylor–Nickel* we distinguished the complaints of Lomax and Harts from the complaint in *Rioux,* and held that their complaints were for ordinary negligence.

Sells' complaint is similar to the complaint in *Rioux.* We agree with the Hospital's contention that, "Sells essentially alleged only that the Hos-

pital failed to provide care appropriate under the circumstances." Appellants' Brief at 30. Like *Rioux,* Sells' complaint challenges the health care decisions of the Hospital made while Leann was under anesthesia and offers no evidence that might remove her claim from coverage under the Act.