**CITY OF NORTH VERNON, Indiana,**
**Appellant–Plaintiff,**

v.

**Vance FUNKHOUSER, Max A. Wiley, Norma Teeple, Paul Michael Irwin, Narlon Littell, Bruce Lennon, and Donald L. McCauley, in their capacities as Trustees of Jennings Northwest Regional Utilities, and John M. Hamilton, in his representative capacity as Commissioner of the Indiana Department of Environmental Management, Appellees–Defendants,**

**Jennings County School Corp.,**
**Appellee–Intervenor.**

No. 40A05–9904–CV–180.

Court of Appeals of Indiana.

March 20, 2000.

Corinne R. Finnerty, McConnell & Finnerty, North Vernon, Indiana, Attorney for Appellant.

Ronald E. Elberger, George T. Patton, Jr., J. Christopher Janak, Bose McKinney & Evans, Indianapolis, Indiana, Attorneys for Appellees.

## OPINION

**RILEY, Judge**

### STATEMENT OF THE CASE

Plaintiff–Appellant City of North Vernon, Indiana (City) appeals the trial court's dismissal of its declaratory judgment action challenging the Indiana Department of Environmental Management's (IDEM) order establishing a regional water and sewer district to be known as Jennings Northwest Regional Utilities (JNRU). In its complaint seeking declaratory relief, the City named as defendants: Vance Funkhouser, Max Wiley, Norma Teeple, Mike Irwin, Narlon Littell, Bruce Lennon, and Donald McCauley, in their capacities as Trustees of the Jennings Northwest Regional Utilities (hereinafter collectively referred to as "JNRU"), and John M. Hamilton, in his representative capacity as Commissioner of IDEM.

We affirm.

### ISSUE

The City raises five issues for our review, one of which we find dispositive and restate as follows: whether the trial court properly dismissed the City's declaratory judgment action for lack of subject matter jurisdiction as a result of the City's failure to comply with the statutory procedures for obtaining judicial review of IDEM's order creating the JNRU water and sewer district.

### FACTS AND PROCEDURAL HISTORY

On December 19, 1995, the Jennings County Commissioners petitioned IDEM for an order establishing a Regional Water and Sewer District known as the Jennings Northwest Regional Utilities in Jennings County. The petition stated that:

There is an undisputed need in the proposed area for improvements to the current system of sewer and water service. Currently, most of the proposed area to be served by the District has no systematic sewer collection or disposal

system and relies solely on individual septic system for the collection and disposal of sewer waste. Because the makeup of the soil in the District is such that it is not conducive to this type of sewage disposal, the use of individual sewer systems creates health and pollution hazards and impedes economic development One area, the Country Squire Lake subdivision, has an existing utility plant which offers sewer and water service to its subdivision residents. However, this plant is in dire need of improvement. In its present condition, the facility poses short and long term health concerns and prohibits effective and orderly development within the subdivision.

The purpose to be accomplished by the district is to address the area's need for efficient, safe and affordable water service. The District will accomplish this purpose by expanding and improving the existing Country Squire Lake sewer plant and facilities as to provide systematic sewer service to users throughout the District.

* * *

The territory to which the District will provide sewer service ... includes portions of northwest Jennings County which are contiguous. Sewer service is intended to be provided through various phases to users in this area. The territory to be served by the District will include all incorporated portions of Geneva Township. The territory shall extend generally eastward from Geneva Township to Base Road in Sand Creek Township. From Sand Creek Township, the District extends generally southward through all of the unincorporated and unserved portions of Center Township. The District extends generally westward from Center Township to County Road 850 West in Spencer Township and generally southward to County Road 400 South in Spencer Township.

The territory in which the District will provide only water service ... will include portions of northwest Jennings County which are contiguous. Water service will be limited to the Country Squire Lake subdivision, which is located just west of the Town of Queensville in Geneva Township.

(R. 12–13). Essentially, the petition proposed that the existing territory of the Geneva Township Regional Waste District be included in the Jennings Northwest Regional Utilities District.

On October 29, 1996, IDEM ordered that the Geneva Regional Township Waste District be dissolved as a municipal corporation. On November 4, 1996, IDEM ordered the establishment of the JNRU, however the evidence is undisputed that the City did not receive actual notice of the overlaps in the territory being claimed by Jennings Northwest and North Vernon's previously filed planning and projected service area (Geneva Regional Township Waste District) until June, 1997.

On September 10, 1998, the City filed its complaint seeking declaratory relief and named as Defendants each trustee of the JNRU and John Hamilton, the Commissioner for IDEM. In its complaint, the City requested that the trial court determine that the JNRU was not validly formed as a regional utility because it failed to comply with proper statutory and regulatory procedures concerning its formation and operation, and therefore, the JNRU had no right, title, claim, or interest which would prevent the City from annexing property contiguous to the City's corporate boundaries and to provide wastewater treatment in these areas.

The JNRU filed a Motion to Dismiss under Ind.Trial Rule 12(B)(1) and (6) on October 5, 1998. IDEM filed a Motion to Dismiss on October 26, 1998.

On November 16, 1998, the City filed a Motion to Compel Discovery, and requested a hearing on its motion. IDEM and the JNRU both requested a hearing on their motions to dismiss. The trial court

heard oral argument on February 19, 1999, on the motions to dismiss.

On March 18, 1999, the trial court granted IDEM's and the JNRU's motions to dismiss. On March 31, 1999, the trial court clarified its dismissal Order stating that the dismissal was entered pursuant to the provisions of T.R. 12(B)(1) and (6). The City now appeals. Additional facts will be supplied where necessary.

### DISCUSSION AND DECISION

■■■ "Subject-matter jurisdiction is the power of a court to hear and decide a particular class of cases." *Putnam County Hosp. v. Sells*, 619 N.E.2d 968, 970 (Ind.Ct.App.1993). This issue is resolved "by determining whether the claim involved falls within the general scope of authority conferred on a court by the Indiana Constitution or by statute." *Id.* As this Court has previously stated, "a dismissal for lack of subject matter jurisdiction takes precedence over the determination of and action upon other substantive and procedural rights of the parties." *Gorman v. Northeastern REMC*, 594 N.E.2d 843, 845 (Ind.Ct.App.1992). When reviewing a trial court's ruling on a motion to dismiss for lack of subject-matter jurisdiction, this Court may affirm the judgment "on any theory supported by the evidence of record." *Walters v. Modern Aluminum*, 699 N.E.2d 671, 673 (Ind.Ct. App.1998), *trans. denied.*

■■ The City argues that the trial court erred by dismissing its declaratory judgment action because JNRU and IDEM failed to follow proper statutory procedures to establish JNRU. The City contends that it was not required to obtain judicial relief under the Administrative Orders and Procedures Act (AOPA) because JNRU and IDEM failed to properly notify and join the City as a party to the administrative proceedings to establish the JNRU. Specifically, the City alleges that neither IDEM nor JNRU provided it with a copy of the petition filed with IDEM to establish the JNRU as required by Ind.Code

§ 13–26–2–1, and therefore, this failure to provide notice constitutes a denial of due process and exempts it from the procedural requirements of Ind.Code § 4–21.5–5 pertaining to judicial review under the AOPA. We disagree.

The Record reveals that on December 19, 1995, the Jennings County Commissioners petitioned IDEM for an order establishing a Regional Water and Sewer District to be known as the Jennings Northwest Regional Utilities (JNRU) in Jennings County. Ind.Code § 13–26–2 provides for the procedures to be followed for the establishment of regional water, sewage, and solid waste districts. The City does not dispute the contents of JNRU's petition to establish the district or its filing procedure, but instead, contends that JNRU and IDEM failed to follow the procedure stated in Ind.Code § 13–26–2–1:

Petitions to organize district

Sec. 1. The establishment of a regional district may be initiated only by a petition filed with the department. A copy of the petition shall also be filed not later than ten (10) days after the filing with the department in the office of the executive of each governmental entity having territory within the proposed district.

Ind.Code § 13–26–2–1. There is no dispute that the City is a governmental entity having territory within the proposed district for the JNRU. However, the City argues, and both JNRU and IDEM concede that a copy of the petition to organize JNRU was not filed with the City within ten days after the petition was filed with IDEM.

Nevertheless, although the statute clearly states that the City was to receive a copy of the petition no later than ten days after it was filed with IDEM, the Record reveals that JNRU's failure to timely file the petition to organize the district was harmless. First, the City did receive notice of JNRU's intention to establish the district by IDEM's letter addressed to the

City's attorney dated July 30, 1996. Second, no action was taken on the petition until extensive public notification was made, and the City received notice of the public hearing regarding formation of the JNRU scheduled for August 13, 1996. Finally, the City failed to show any prejudice for JNRU's and IDEM's failure to timely file a copy of the petition.

On or about July 22, 1996, JNRU provided public notice by U.S. mail to 100 individuals and entities about a public hearing to be held in order to receive public comments on the petition. The Notice provides in relevant part as follows:

### NOTICE

You are hereby notified that the Jennings County Commissioners have petitioned the Commissioner of the Indiana Department of Environmental Management for an order establishing a regional water and sewage district to be known as the "Jennings Northwest Regional Utilities."

The proposed service area for this district includes all of Geneva Township and portions of Sand Creek, Center and Spencer Townships.

A public hearing will be held on August 13, 1996, at 7:00 p.m. in the North Vernon Community Building to receive public comments on said Petition. Written comments will also be accepted for a period commencing immediately and ending on August 27, 1996, at the following address:

R.J. Henley, Assistant Commissioner
Office of Water Management
Indiana Department of Environmental Management
100 North Senate Ave., P.O. Box 6015
Indianapolis, Indiana 46206–6015

If you wish to receive notice of IDEM's decision on this matter, please submit a request in writing to Mr. Henley at the above address.

For more information regarding the formation of regional water and sewer districts, see Indiana Code 13–26 (formerly 13–3–2). Additionally, a copy of the Petition to Form the Jennings Northwest Regional Utilities is on file at the Jennings County Public Library in North Vernon, Indiana, for public viewing.

(R. 17). On July 22, 1996, IDEM sent a letter to the North Vernon Plain Dealers & Sun, Inc., requesting the newspaper to publish this same notice regarding a public hearing concerning the formation of the JNRU twice, July 30 and August 6, 1996.

Further, on July 30, 1996, Mylene Huybers, of IDEM's Office of Legal Counsel, sent a letter addressed to the City's attorney, Corinne R. Finnerty stating that:

As discussed in our recent phone conversation, the Jennings County Commissioners have petitioned IDEM to establish the Jennings Northwest Regional Utilities ("Jennings Utilities"), a regional sewer and water district. The proposed area of the district includes the area of Geneva Township Regional Waste District ("Geneva District").

In a letter to the Indiana Department of Environmental Management (IDEM) on May 10, 1995, you stated that the Geneva District had not been functioning for several years. To officially dissolve the Geneva District, the IDEM requests that any former District board member(s), or your office on behalf of the District, submit a letter to the IDEM requesting dissolution of the District or stating that the District has abandoned its purpose. Please address the letter to my attention at the address on the letterhead above.

Please notify any former District board members that the IDEM will be conducting a public hearing regarding formation of Jennings Utilities on August 13, 1996, at 7:00 p.m. in the North Vernon Community Building. Additionally, comments regarding the formation

may be submitted to IDEM through August 27, 1996.

(R. 72).

The public hearing was held as planned on August 13, 1996. On October 29, 1996, IDEM ordered that the Geneva Regional Township Waste District be dissolved as a municipal corporation, pursuant to Ind. Code § 13–26–6–4, and that it be included in the JNRU. On November 4, 1996, the Commissioner of IDEM issued a Final Order establishing the JNRU, pursuant to Ind.Code § 13–26–2–10, and based upon the Findings of Fact and Recommended Order of the hearing officer. The Order contained the following language explaining the procedures for seeking judicial review:

> Pursuant to IC 13–26–2–11 (formerly IC 13–3–2–5(e)), IC 4–21.5–3–2 and IC 4–21.5–5–5, this order becomes effective thirty-three (33) days after service through the United States mail, unless a petition for judicial review is filed before or on the thirty-third (33rd) day. Standing and substantive requirements of the verified petition for review are specified in IC 4–21.5–5–3 and IC 4–21.5–5–7, respectively. Pursuant to IC 4–21.5–5–9, a person seeking judicial review of this Order may, by filing a verified petition, request an Order of the court staying this Order, pending a decision by the court.

(R. 43).[1] Thereafter, on November 26, 1996, the North Vernon Sun published for one week public notice of the November 4, 1996 Order forming the JNRU, advising interested parties that the Final order as well as the hearing officer's Findings of Facts and Recommended Order were on file in the Jennings Public Library in North Vernon, Indiana. Further, the public notice contained the same language as the Final Order explaining the procedures for seeking judicial review. However, the City failed to file a petition for judicial review of IDEM's Final Order.

Nevertheless, the City argues and the JNRU and IDEM concede that the City did not receive actual notice of the overlaps in the territory claimed by JNRU and North Vernon's previously filed planning and projected service area until June, 1997. John G. Hall, Mayor of North Vernon, stated in an affidavit that:

> North Vernon did not have actual notice of the territory being claimed or requested by Jennings Northwest until June of 1997. North Vernon, therefore, had no actual knowledge of the overlaps in the territory being claimed by Jennings Northwest and North Vernon's previously filed planning and projected service area until that time.

(R. 188). Also, Corinne Finnerty, the City's attorney stated at the hearing on the motions to dismiss that, "We will admit that in June of 1997, we became aware that there was an overlap in their territory being claimed by Jennings Northwest and our territory." (R. 479). However, the City did not seek judicial review of IDEM's Order within thirty days of receiving actual notice in June 1997 regarding the formation of the JNRU. Instead, the City waited over fifteen (15) months before filing a declaratory judgment action in the trial court on September 10, 1998. The declaratory judgment action sought to declare that the JNRU was invalidly formed, arguing that IDEM's and the JNRU's failure to provide it notice of the petition to establish the JNRU exempts it from the procedural requirements of the AOPA.

▮▮▮▮ We admit an administrative agency may not disregard its own rules in derogation of statutory or constitutional rights, instead, when an agency promulgates rules and regulations, it is bound to follow them. *Indiana Family and Social Services Admin. v. Methodist Hosp. of*

---

1. The Record reveals evidence of an IDEM document entitled "Notice of Decision," regarding the Commissioner of IDEM's Final Order and explaining the procedures for seek- ing judicial review of the Order. However, this document does not reveal to whom this document is intending to notify. (R. 50).

*Indiana, Inc.,* 669 N.E.2d 186, 190 (Ind.Ct. App.1996). However, we need not reach the question of whether IDEM violated its procedural rules in the present case. Such issue could properly have been decided by the trial court upon judicial review, had the City complied with the jurisdictional requirements found in Ind.Code § 4–21.5–5 of the AOPA. Pursuant to Ind.Code § 13–26–2–11, "An order for the establishment of a [Regional Water, Sewage, and Solid Waste] district is subject to review as provided in IC 4–21.5–5." Thus, the relevant jurisdictional requirements for judicial review under the AOPA are as follows:

**4–21.5–5–1 Exclusive means**

Sec. 1. This chapter establishes the exclusive means for judicial review of an agency action. . . .

**4–21.5–5–2 Petition; persons entitled to judicial review**

Sec. 2. (a) Judicial review is initiated by filing a petition for review in the appropriate court.

(b) Only a person who qualifies under:

\* \* \* \* \*

(3) section 5 of this chapter concerning the time for filing a petition for review . . .

**4–21.5–5–5 Time for filing**

Sec. 5. Except as otherwise provided, a petition for review is timely only if it is filed within thirty (30) days after the date that notice of the agency action that is the subject of the petition for judicial review was served.

A party may file a petition for judicial review after exhausting all of the administrative remedies available. Ind.Code § 4–21.5–5–4(a). A party who fails to timely petition for review waives the right to judicial review. Ind.Code § 4–21.5–5–4(b). A petition for judicial review is timely only if it is filed within thirty days after the date of notice of the agency action is served. Ind.Code § 4–21.5–5–5.

■ However, before the jurisdiction of the trial court may be invoked for review of an administrative action, the plaintiff must have complied with the statutorily provided procedures. *Commissioner, Indiana Dept. of Environmental Management v. Bethlehem Steel Corp.,* 703 N.E.2d 680, 682 (Ind.Ct.App.1998); *Prohosky v. Department of Natural Resources,* 599 N.E.2d 611, 613 (Ind.Ct.App.1992); *Teepe v. Review Board etc.,* 136 Ind.App. 331, 200 N.E.2d 538 (1964) (where a statute provides the remedy for review of a decision of an administrative board and a proceeding to be followed, the procedure must be followed as a condition precedent to the acquiring of jurisdiction). In this case, Ind.Code § 4–21.5–5 provides the exclusive means for judicial review of an agency action. Therefore, it was necessary for the City to comply with the statute governing timely filing of a petition for judicial review under Ind.Code § 4–21.5–5–5. However, the City failed to ever file a petition for judicial review, and thus the trial court's jurisdiction was never invoked.

## CONCLUSION

The trial court properly dismissed the City's declaratory judgment action for lack of subject matter jurisdiction because the City failed to comply with the statutory procedures for obtaining judicial review of IDEM's order creating the JNRU. Therefore, the trial court did not have subject matter jurisdiction to hear the case and was required to dismiss the City's complaint.

Affirmed.

KIRSCH, J., and SHARPNACK, C.J., concur.