**ST. MARY MEDICAL CENTER,**
**Appellant/Defendant,**

**v.**

**Marsha BAKEWELL,**
**Appellee/Plaintiff.**

**No. 45A03–1004–CT–227.**

Court of Appeals of Indiana.

Dec. 16, 2010.

---

James L. Hough, Lia Gucciardi Bowers, Spangler, Jennings & Dougherty, P.C., Merrillville, IN, Attorneys for Appellant.

David R. Phillips Valparaiso, IN, Attorney for Appellee.

## OPINION

BRADFORD, Judge.

Appellant/Defendant St. Mary Medical Center appeals from the trial court's grant of Appellee/Plaintiff Marsha Bakewell's motion to correct error. We affirm.

## FACTS AND PROCEDURAL HISTORY

On or about August 31, 2000, Bakewell fell while showering in her semi-private room at St. Mary, sustaining injuries. On March 8, 2002, Bakewell sued St. Mary for negligence in Lake County. On May 17, 2002, Bakewell also filed a proposed medical malpractice complaint against St. Mary with the Indiana Department of Insurance. Both filings alleged that St. Mary

owed [Bakewell] a duty of care to make the place reasonably safe, but breached that duty, and said breach included, but was not limited to, carelessly, negligently, and recklessly maintained the premises by failing to install appropriate handrails and mats, and in failing to provide any warning to [Bakewell] of the dangerous and hazardous nature of said area, which it knew or should have known was dangerous and likely to cause injury[.]

Appellant's App. pp. 13–14, 15–16. On June 19, 2008, the Medical Review Panel concluded that "[t]he evidence does not support the conclusion that [St. Mary] failed to meet the applicable standard of care as charged in the complaint." Appellant's App. pp. 23, 26, 29.

On February 5, 2009, St. Mary moved for summary judgment, which motion the trial court granted on November 9, 2009. On December 10, 2009, Bakewell filed a motion to correct error on the basis that the trial court should only have granted summary judgment in favor of St. Mary on the medical malpractice claim, leaving the general premises liability claim intact. On March 16, 2010, the trial court granted Bakewell's motion to correct error, revising its earlier entry of summary judgment to deny summary judgment to St. Mary on the general premises liability claim.

## DISCUSSION AND DECISION

St. Mary contends that the trial court abused its discretion in granting Bake-

well's motion to correct error because Bakewell's current claim actually sounds in medical malpractice and cannot therefore proceed under a theory of premises liability.[1]

We review the trial court's decision to grant or deny a motion to correct error for abuse of discretion. An abuse of discretion will be found when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences which may be drawn therefrom. An abuse of discretion also results from a trial court's decision that is without reason or is based upon impermissible reasons or considerations.

*Wright v. Wright,* 782 N.E.2d 363, 366 (Ind.Ct.App.2002) (citations omitted).

St. Mary argues that Bakewell's claim is essentially one of medical malpractice and cannot therefore proceed under a theory of premises liability. Pursuant to the Indiana Medical Malpractice Act ("the MMA"), " '[m]alpractice' means a tort or breach of contract based on health care or professional services that were provided, or that should have been provided, by a health care provider, to a patient." Ind. Code § 34–18–2–18 (2000). We have held, therefore, that a claim that a health care provider has negligently failed to provide appropriate care to a patient properly falls under the MMA and cannot proceed under a premises liability theory. *See Methodist Hosp. of Ind. v. Rioux,* 438 N.E.2d 315, 316–17 (Ind.Ct.App.1982), *limited by Winona Mem. Found. of Indpls. v. Lomax,* 465 N.E.2d 731, 741–42 (Ind.Ct.App.1984). On the other hand, we have also held that

an allegation that "is clearly and unambiguously a premises liability claim" is not subject to the MMA and may proceed, even though lodged against a health care provider. *Lomax,* 465 N.E.2d at 742.

We conclude that Bakewell's allegation may proceed under a premises liability theory, even though originally also pursued as a medical malpractice claim. As previously mentioned, Bakewell's contention is that St. Mary "carelessly, negligently, and recklessly maintained the premises by failing to install appropriate handrails and mats, and in failing to provide any warning to [Bakewell] of the dangerous and hazardous nature of said area, which it knew or should have known was dangerous and likely to cause injury[.]" Appellant's App. pp. 13–14, 15–16. This is about as clear and unambiguous an allegation of premises liability as one is likely to encounter: Bakewell claims that St. Mary's negligent maintenance of its facility—*not* a negligent failure to provide appropriate care-was the cause of her injuries. As such, while Bakewell's claim was not properly subject to the MMA, she may nonetheless proceed under a premises liability theory. *See Harts v. Caylor–Nickel Hosp., Inc.,* 553 N.E.2d 874, 879 (Ind.Ct. App.1990) (concluding that allegation that fall from bed causing injury was due to hospital's negligent failure to raise a bed rail was not "part and parcel of diagnosis and treatment which would subject [Harts's] claim to coverage under the [MMA]"). The trial court properly granted Bakewell's motion to correct error and concluded that her premises liability claim should not have been subject to summary judgment.

1. The record indicates that, contrary to St. Mary's suggestions, Bakewell has, almost from the outset, pursued both medical malpractice and general negligence claims. Any suggestion that Bakewell has somehow ambushed St. Mary with a general negligence claim is therefore unsupported by the record.

We affirm the judgment of the trial court.

KIRSCH, J., and CRONE, J., concur.